UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRANDON WHITTLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-287 AGF |
| UNKNOWN PRUIT, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Brandon Whittley (registration no. 1145870), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $18.55. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $92.75, and an average monthly balance of $21.83. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.55, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992); Cooper v. Schriro, 189 F.3d 781, 783-84 (8th Cir. 1999). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged false arrest and illegal search and seizure of property. Named as defendants are Unknown Pruit (Potosi Police Officer); Joahny Boyer (same); Jason Musket (Wal-Mart Asset Protection Agent); Vernon Wilson (Chief Deputy, Washington County); Potosi City Counsel; and Washington County Sheriff's Office. Plaintiff seeks monetary relief.

Plaintiff alleges that on April 15, 2011, defendant Boyer and an unnamed Washington County police officer stopped his vehicle and searched his car. Plaintiff claims he did not consent to the search. He says that Boyer took several personal items out of the car and did not return them to him. He also says that Boyer called defendant Musket to the scene, and Musket searched the car as well. Plaintiff states that Boyer also searched his home without consent. Plaintiff asserts that he was arrested for stealing but that formal charges were never brought against him. Plaintiff says that "Washington Co. Sherrifs [sic] have a regular custom of illegally searching property."

Plaintiff avers that on September 3, 2013, a Washington County police officer stopped his vehicle under the pretext of a driving violation. The officer ran plaintiff's license plates and determined he had warrants in another county. Other unnamed officers then searched his car. The result of the search caused felony charges to be brought against him.[1]

Plaintiff says after the arrest Boyer searched his home again. Boyer asked his fiancé for receipts for items in the home, which were produced.

**Discussion**

Plaintiff brings this action against the individually named defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the pleading as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a

---

[1] Plaintiff is the defendant in two state cases, in which he is charged with theft on September 2 and 3, 2013. Both cases are pending. Missouri v. Whittley, No. 13JE-CR02641-01 (Jefferson County); Missouri v. Whittley, No. 13AB-CR02689 (Franklin County).

plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Plaintiff's allegation that the Washington County Sheriff's Office has a custom of "illegally searching property" is a legal conclusion and not entitled to the presumption of truth. The instant complaint does not contain any plausible allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. "Plaintiff must identify the policy, connect the policy to the entity itself, and show that the particular injury was incurred because of the execution of that policy." Garner v. Memphis Police Dept., 8 F.3d 358, 363-64 (6th Cir. 1993). See Cogdell v. City of Elmira, No. 13-CV-0764M, 2014 WL 5304892 at 2-3 (W.D. N.Y. Oct. 14, 2014) ("Plaintiff's conclusory allegation that the [Police] had a 'policy or custom' of . . . '[permitting] its officers to engage in the unlawful practice of search and seizure' was insufficient to state a claim.") As such, the complaint is legally frivolous as to the individual defendants.

The complaint is legally frivolous as to the Washington's County Sheriff's Office because police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Unknown Pruit, Vernon Wilson, or Potosi City Counsel were directly involved in or personally responsible for the alleged violations of his

constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $18.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of March, 2015.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE